**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 27, 2013

Lyle W. Cayce
Clerk

No. 12-40810
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ESTEBAN RIVERA-PINA, also known as Esteban Pina-Rivera, also known as Estaban Rivera, also known as Steve Pana, also known as Estaban Pina-Rivera, also known as Esteban Rivera, also known as Esteban Steven Rivera, also known as Estevan Rivera, also known as Steven Rivera, also known as Estepan Rivera, also known as Steve Pana-Rivera, also known as Efrain Delgad-Rivera, also known as Estavan Rivera, also known as Esepan Rivera, also known as Estebal Rivera-Pina,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:11-CR-213-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Esteban Rivera-Pina appeals his 96-month sentence for being illegally present in the United States following deportation. He argues that the district court erred by imposing a 16-level sentence enhancement pursuant to United

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States Sentencing Guidelines § 2L1.2 based upon his two prior convictions for indecency with a child in violation of Texas Penal Code § 21.11. He contends that § 21.11 does not satisfy the "generic, contemporary meaning" of either "statutory rape" or "sexual abuse of a minor" because it criminalizes sexual conduct with persons under the age of 17, and it criminalizes conduct where the age differential is less than four years. He concedes that his arguments are foreclosed by this court's precedent, but he seeks to preserve them for further review. The Government has moved for summary affirmance or, in the alternative, an extension of time to file a brief.

Rivera-Pina's arguments are foreclosed by our decision in *United States v. Rodriguez*, 711 F.3d 541 (5th Cir. 2013) (en banc). The defendant in *Rodriguez* challenged a sentence enhancement under § 2L1.2(b)(1)(A)(ii) based on his conviction for sexual assault of a child in violation of Texas Penal Code § 22.011(a)(2). *Rodriguez*, 711 F.3d at 544. We rejected his contention that § 22.011(a)(2) is broader than the "generic, contemporary meaning" of "sexual abuse of a minor" because it prescribes a three-year instead of a four-year age differential between the victim and the defendant. *Id.* at 562 n. 8. We also rejected his challenge to the Texas statute's definition of the term "child" as a person under age 17. *Id.*

Consequently, the motion for summary affirmance is GRANTED and the motion for an extension of time is DENIED.

AFFIRMED.